UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

WALLACE BROWN,

                              Plaintiff,

      -against-                                                    1:08-CV-0130 (LEK/DRH)


820 RIVER STREET, INC., ALTAMONT
HOUSE, INC., and MARCIA POOL,

                              Defendants.

_____


**MEMORANDUM-DECISION AND ORDER**

      Plaintiff Wallace Brown ("Plaintiff" or "Brown") commenced this action pursuant to Title

VII of the Civil Rights Act 1964 ("Title VII"), 42 U.S.C. § 2000 et seq., the New York Human

Rights Law ("NYHRL"), N.Y. EXEC. LAW § 290 et seq.,[1] and the Americans with Disabilities Act

_____

      [1] "It is well-established that 'when a plaintiff proceeds *pro se* the court is obligated to
construe his pleadings liberally, particularly when they allege civil rights violations.'" Hemphill v.
New York, 380 F.3d 680, 687 (2d Cir. 2004) (quoting McEachin v. McGuinnis, 357 F.3d 197, 200
(2d Cir. 2004)).  On June 22, 2006, prior to filing the above-captioned case, Plaintiff filed a
complaint with the New York Division of Human Rights claiming that Defendant Altamont House,
Inc. had engaged in "unlawful discriminatory practices relating to employment in violation of
Article 15 of the Executive Law of the State of New York (Human Rights Law) because of
race/color, sex, opposed discrimination/retaliation, disability."  Verified Complaint Pursuant to
Exec. Law, Art. 15 (Dkt. No. 18, Ex. C).  On February 29, 2008, the New York State Division of
Human Rights (the "Division") dismissed the complaint for administrative convenience because
Plaintiff had "informed the Division that he intends to pursue his allegations through litigation in
federal court."  Dkt. No. 18, Ex. E.  Given the Plaintiff's *pro se* status and the fact that he did bring
a claim with the Division, this Court will read the Complaint to include corollary state claims for
discrimination pursuant to the NYHRL.

("ADA")[2], 42 U.S.C. § 12101 et seq., claiming that Defendants 820 River Street, Inc., Altamont

House, Inc., and Marcia Pool (collectively, "Defendants"), discriminated against him because of his

race, sex, and HIV positive status, and this discrimination resulted in unfair treatment and

eventually termination.  Compl. (Dkt. No. 1) at 6 (a), (c), (f).  Currently before the Court is

Defendants' Motion for summary judgment.  Motion (Dkt. No. 18).  For the reasons that follow,

Defendants' Motion is granted and the above-captioned case is dismissed in its entirety.

## I.      BACKGROUND

The Altamont Program, Inc., doing business as Defendants Altamont House and 820 River

Street, Inc. is a not-for-profit corporation that provides drug and rehabilitation services.  See Def.'s

Statement of Material Facts (Dkt. No. 18, Attach. 2) ¶ 2; Young Aff. (Dkt. No. 18, Attach. No. 2) ¶

1.[3]  Plaintiff is an African-American male, who has been diagnosed as HIV positive.  Dkt. No. 1.  In

---

[2] HIV positive status is considered a "disability" under the ADA.  See Bragdon v. Abbott, 524 U.S. 624, 631 (1998); see also Estate of Solinsky v. Custodial Maint. Inc., 5:08-CV-0727 (NPM/GJD), 2008 U.S. Dist. LEXIS 105964, at *1-2 (N.D.N.Y. Dec. 30, 2008).

[3] On February 27, 2009, Defendant filed a Motion for summary judgment.  In accordance with the Local Rules, Defendants included a Statement of Material Facts.  See N.D.N.Y. L.R. 7.1(a); see also Def.'s Statement of Material Facts (Dkt. No. 18, Attach. 2).  Plaintiff, however, failed to specifically address each statement made by the Defendants in their Statement of Material Facts.  Local Rule 7.1(a)(3) provides that a party opposing a summary judgment motion

> shall file a response to [movant's] Statement of Material Facts . . . [that] shall mirror the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in matching numbered paragraphs . . . Each denial shall set forth a specific citation to the record where the factual issue arises . . . The Court shall deem admitted any facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert.

N.D.N.Y. L.R. 7.1(a)(3).  Plaintiff did not specifically include a Statement of Material Facts but instead includes the conclusory assertion that "[t]he facts are clear in plaintiff's argument as well as plaintiff's rebuttal to defendant's pursuant to rule 7.1(a)(3)." Dkt. No. 20 at 3.  While this is clearly not sufficient to satisfy Local Rule 7.1 (a)(3), the Court recognizes that Plaintiff is proceeding *pro se*

June of 2005, Plaintiff applied for employment at the Altamont House.  Compl. at 6.  He was

subsequently hired as a "Chemical Dependency Counselor" on a *per diem*, part-time basis.  Id.  On

or about January 24, 2006, Plaintiff applied for a promotion to full-time employee status.  Compl. at

6; Statement of Material Facts ¶ 12.

Plaintiff met with Defendant Marcia Pool ("Pool"), the clinical and administrative director

of Altamont House, to discuss his employment status.  Compl. ¶ 1.  During this discussion, Pool

informed Plaintiff that he was not eligible to become a full-time staff member.  Id.  It is undisputed

that at the time Plaintiff was hired there was never any discussion of promotions nor was he ever

promised any advancement in the organization.  See Pl's. Dep. (Dkt. No. 18, Ex. H) 20:2-10;

Statement of Material Facts ¶ 4 ("At the time of Plaintiff's hire, he was not promised any further

advancement within the organization without attaining a drug and alcoholism counselor license

under the laws of the State of New York").  Further, Plaintiff was an at-will employee.  Following

the conversation, Pool wrote Plaintiff a letter stating the reasons for the denial for a full-time

position.  Mem. to Def. Ex. B (Dkt. No. 18) ¶¶ 3, 7.  In that letter, Pool stated that Plaintiff was

unable to work well with his peers and continually disregarded the policies and procedures of the

agency and, therefore, based her decision not to promote him on his "performance and lack of team

effort."  Id.  She also wrote that Plaintiff was quick to point out what he believed to be flaws in the

performance of his peers and had "shown poor judgment on several occasions."  Id.  No mention

---

in this action.  Thus, in spite of Plaintiff's failure to strictly comply with the Local Rules, this Court
will not deem admitted any facts set forth in the Statement of Material facts.  See Holtz v.
Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001) ("A district court has broad discretion to
determine whether to overlook a party's failure to comply with local court rules") (citation omitted);
Hardy v. Plante, 1:06-CV-687 (LEK/RFT), 2009 U.S. Dist. LEXIS 7779, at *4 (N.D.N.Y. Feb. 3,
2009) (Kahn, J.).

was made of his race, gender or HIV positive status.  On February 15, 2006, Defendants informed

Plaintiff that they were terminating his employment.  Dkt. No. 1.

Plaintiff now claims that during his time at Altamont House he was subjected to continual

discrimination and that Pool gave preferential treatment to Caucasian female employees.  Id.

Plaintiff concedes that Pool never made any direct statements or verbally expressed that he was not

getting promoted because of his gender, race and/or HIV status.  See Pl's. Dep. 41:2-8.  Instead, he

bases his race and gender discrimination claims on the way Pool "presented herself and the manner

of her statements."  Pl's. Dep. 42:14-17.  In respect to the allegation of discrimination based on HIV

positive status, Plaintiff is not certain Pool was even aware of his condition but contends that

everyone at Altamont House knew.  See Pl's Dep. 46:15.

On February 4, 2008, Defendants filed the Motion for summary judgment that is currently

before this Court.  Dkt. No. 18.  Plaintiff subsequently filed his Memorandum of law in opposition

to Defendants' Motion on March 2, 2008.  Dkt. No. 20.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides that summary judgment is proper when "the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled  to a judgment as a matter of law." FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett,

477 U.S. 317, 322 (1986).  "Only disputes over facts that might affect the outcome of the suit under

the governing law will properly preclude the entry of summary judgment."  Anderson v. Liberty

Lobby Inc., 477 U.S. 242, 248 (1986).  "Summary judgment is appropriate where no reasonable trier

of fact could find for the non-moving party."  Mount Vernon Fire Ins. Co. v. Belize New York, Inc.,

4

277 F.3d 232, 236 (2d Cir. 2002) (quoting Taggart v. Time, Inc., 924 F.2d 43, 46 (2d Cir. 1991)).

Once the moving party meets its initial burden of showing there is no genuine issue of

material fact, it is then up to the non-moving party to do "more than simply show that there is some

metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Corp., 475 U.S.

574, 586 (1986). The non-moving party "may not rely on mere conclusory allegations or

speculation, but instead must offer some hard evidence" supporting its version of events. Flaherty

v. Caughlin, 713 F.2d 10, 13 (2d Cir. 1983).

## III.    DISCUSSION

In order for a plaintiff to sustain a *prima facie* case for discrimination, he must "adduce

some evidence that would permit a fact finder to infer, *inter alia*, that the termination occurred

under circumstances giving rise to an inference of discrimination."[4]  Patterson v. County of Oneida,

375 F.3d 206, 221 (2d Cir. 2004); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802

(1973). If the plaintiff can meet this burden then "the burden of production shifts to the employer to

'articulate some legitimate, non-discriminatory reason' for the termination." McDonnell Douglas

Corp., 411 U.S. at 802 (internal quotation and citation omitted); Feingold v. New York, 366 F.3d

138, 152 (2d Cir. 2004). If the defendant can make this showing, the burden then shifts back to the

---

[4] Discrimination claims brought pursuant to Title VII and the ADA are analytically identical
and therefore are reviewed under the same standard. See Torres v. Pisano, 116 F.3d 625, 629 (2d
Cir. 1997); Ghirardelli v. McAvoy Sales & Serv., 287 F. Supp. 2d 379, 391 (S.D.N.Y. 2003).
Further, "[a] claim of disability discrimination under the New York State Human Rights Law . . . is
governed by the same legal standards as govern federal ADA claims. Thus, to the extent that [a
plaintiff] brings a state-law disability-discrimination claim, it survives or fails on the same basis as
his ADA claim." Graves v. Finch Pruyn & Co., 457 F.3d 181, 184 n. 3 (2d Cir. 2006) (internal
citations omitted); see also Parker v. Columbia Pictures Indus., 203 F.3d 326, 332 n. 1 (2d Cir.
2000). Accordingly, all three of Plaintiff's claims will be analyzed together under the same
standard.

plaintiff to show that "the legitimate reasons offered by the defendant were not its true reasons, but were pretext for discrimination." McDonnell Douglas Corp., 411 U.S. at 802. "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." Texas Dep't. of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981). Here, Plaintiff has not only failed to sustain his burden of establishing a *prima facie* case, he has also failed to adequately rebut Defendants' legitimate non-discriminatory reasons for his termination.

To establish a *prima facie* case for discrimination pursuant to the ADA or Title VII, the plaintiff must establish: (1) that the plaintiff is a member of a protected class; (2) his or her job performance was satisfactory; (3) he or she suffered from an adverse employment action; and (4) the action occurred under circumstances that would give rise to the inference of discriminatory intent. McDonnell Douglas Corp., 411 U.S. at 802; Terry v. Ashcroft, 336 F.3d 128, 138 (2d Cir. 2003). Although Plaintiff was a member of a protected class and suffered an adverse employment action, i.e. termination,[5] there is no indication that this adverse employment action was predicated on circumstances giving rise to an inference of discrimination.

Nowhere in the record does Plaintiff present any evidence of direct or indirect discrimination. Plaintiff does not allege that any similarly situated non African-American, female or HIV negative employee has been treated differently. Young Aff. ¶¶ 26, 27. Further, Plaintiff makes no allegation that Defendants ever even alluded to his race, gender or HIV positive status. Instead, Plaintiff bases his causes of action on conclusory allegations and speculation; this is not

---

[5] "[A]dverse employment actions may include termination from a job." See Galabya v. New York City Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000); Wanamaker v. Columbian Rope Co., 108 F.3d 462, 466 (2d Cir. 1997).

enough to survive a motion for summary judgment.

Plaintiff states that he felt he was being denied the promotion because of the way Pool "looked at him, her presentation, the way she presented herself, the manner of her statements . . . led [Plaintiff] to believe that . . . [he] had walked in the wrong low income trailer park." Pl's Dep. 41:14-17.  He further asserts that it was Pool's "complete dismissal of [plaintiff's] person" that led him to believe it was because of his HIV positive status.  Pl's Dep. 52:6-22.  Plaintiff has no other information, facts or statements that would support his allegations of discrimination based on race, gender or HIV positive status.  Accordingly, Plaintiff has not provided the Court with any evidence that would lead a fact finder to find that his termination occurred under circumstances giving rise to an inference of discrimination.  Plaintiff, therefore, fails to establish a *prima facie* case of discrimination.

Even if Plaintiff was able to establish a *prima facie* case of discrimination, the Defendants have successfully sustained their burden of producing a"legitimate non-discriminatory reasons for his termination."  Defendants maintain that Plaintiff's termination was based on Plaintiff's failure to adequately perform his job.  Young Aff. ¶¶ 8-13, 23 ("Plaintiff was simply not an acceptable employee based upon his performance and for that reason, he was denied a position that carried more responsibility than he had with the position that was a problem for him, and, when he persisted in being difficult with staff and clients, he was terminated from employment altogether"); Statement of Material Facts ¶ 10.  Specifically, on one occasion Plaintiff was accused of taunting a client of Altamont House, when he waived an envelope containing the client's money in front of his face.  Pl's Dep. 24:7-12.  This particular client was known to be prone to violent behavior and Plaintiff therefore endangered the well being of himself and others by teasing him.  Young Aff. Attach. ¶ 10.

Plaintiff claims that he was waiting to get permission to hand over the envelope first.  Pl's Dep.

24:12-19.  On a separate occasion, Plaintiff was accused of removing floodlights from the basement

walls for no discernable reason.  Young Aff. ¶ 9.  In addition to these circumstances, Defendants

claim Plaintiff was not able to get along well with other members of the staff and continually

refused to abide by the organization's polices and guidelines.  Id. ¶ 8.  Poor work performance is a

recognized legitimate, non-discriminatory reason in the Second Circuit.  See Gregory v. Daly, 243

F.3d 687, 696 (2d Cir. 2001) ("an employer's dissatisfaction with even a qualified employee's

performance may, of course, ultimately provide a legitimate, non-discriminatory reason for the

employer's adverse action.");  Morris v. Charter One Bank, 275 F. Supp. 2d 249, 256 (N.D.N.Y.

2003) (holding that an employer's proffered reason for termination - poor sales performance - was

legitimate and non-discriminatory).  Accordingly, Defendants have met the burden of providing

sufficient evidence for a trier of fact to conclude that Plaintiff was fired for a legitimate non-

discriminatory reason.

       Once the employer has provided the court with a legitimate non-discriminatory reason for

the adverse employment action, the burden shifts to the plaintiff to prove that this reason was a

pretext for unlawful discrimination.  See Schnabel v. Abramson, 232 F.3d 83, 88 (2d Cir. 2000)

(citing Hollander v. Am. Cynamid Co., 172 F.3d 192, 200 (2d Cir. 1999)).  In order to meet this

burden, the plaintiff alleging discrimination must prove that the proffered reason for the adverse

employment action was false and "that the defendant intentionally discriminated against" him.

Schnabel, 232 F.3d at 90.  In this case, Plaintiff cannot establish pretext.  Plaintiff has not proffered

any evidence that Defendants' reason is false nor has he produced any evidence of discrimination,

direct or indirect.  In fact, in his deposition, Plaintiff admits that Pool never made any comments

about his race, gender or HIV status.  <u>See generally</u> Pl.'s Dep. Since "the Plaintiff has failed to show

that there is evidence that would permit a rational fact finder to infer that the employer's proffered

rational is pretext, summary judgment dismissing the claim is appropriate."  <u>Patterson</u>, 375 F.3d at

221; <u>see</u> <u>also</u> <u>Smith v. American Express Co.</u>, 853 F.2d 151, 154-55 (2d Cir. 1988).  Accordingly,

this Court finds that Defendants are entitled to judgment as a matter of law on all three of Plaintiff's

claims.

## IV.    CONCLUSION

Based on the foregoing discussion, it is hereby

**ORDERED,** that Defendant's Motion for summary judgment (Dkt. No. 18) is **GRANTED**;

and it is further

**ORDERED,** that this case is **DISMISSED** in its entirety; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

**IT IS SO ORDERED**

DATED:      August 10, 2009
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge